IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. CR-10-11-D |
| | ) | |
| WALLACE L. LAWRENCE, III, | ) | |
| | ) | |
| Defendant. | ) | |

**O R D E R**

This matter comes before the Court upon Defendant's *pro se* Motion for Return of Property [Doc. No. 223], filed pursuant to Fed. R. Crim. P. 41(g). Defendant seeks the return of all property seized and inventoried upon the execution of a search warrant at his residence. Defendant previously made a similar motion that was accompanied by a copy of the inventory [Doc. No. 145].[1] The inventory lists various papers, cards, and receipts; numerous electronic devices, such as cameras, computers, computer equipment, a video gaming system, cell phone, printer, fax machine, router, and wireless receiver and equipment; and an automobile ("2000 Chevy Camaro").

The government has responded to the Motion by stating it is willing to return everything except two items with evidentiary value in the case – the lap top computer and the cell phone. The government proposes to retain these two items until Defendant's appeal is resolved, and to allow a person designated by Defendant to retrieve the other items. The government requests that

---

[1] The prior motion, which was made shortly after Defendant's jury trial ended, was stricken because Defendant was then represented by counsel. Defendant currently lacks representation in this Court. The court of appeals permitted Defendant's trial counsel to withdraw and appointed substitute counsel for his appeal, but the appellate attorney has not entered an appearance in this Court.

Defendant be directed to provide the name and contact information of his designee so that the government can contact the designee for this purpose. After Defendant received this response, he voluntarily provided the requested information by letter addressed to the Court Clerk [Doc. No. 228]. Rule 41(g) provides, in pertinent part, that "[a] person aggrieved . . . by the deprivation of property may move for the property's return." The court of appeals has observed:

> [T]he general rule is that "seized property, other than contraband, should be returned to its rightful owner once the criminal proceedings have terminated." Accordingly, it has been recognized that the non-contraband "property of [an] accused in a criminal case, seized by officers and used as evidence, generally will be returned to him on proper application, and property taken under a search warrant is generally returned to its rightful owner when no longer needed in aid of a criminal prosecution if its ownership is undisputed."

*United States v. Rodriguez-Aguirre*, 264 F.3d 1195, 1212-13 (10th Cir. 2001) (citations and footnote omitted). The Court respects the government's offer to return all items that lack evidentiary value even though Defendant's appeal remains pending. From the Court's familiarity with the facts and evidence in the case, the Court easily concludes that Defendant's lap top computer and cell phone were necessary evidence at trial, and should be preserved by the government pending appeal. Regarding all other items, the government's mere expression of a willingness to return the property does not moot Defendant's Motion. *See United States v. Nelson*, 190 F. App'x 712, 715 (10th Cir. 2006). Thus, the Court will grant Defendant's Motion and direct the government to release the seized property, except the lap top computer and cell phone, to Defendant's designee.

IT IS THEREFORE ORDERED that Defendant's Motion for Return of Property [Doc. No. 223] is GRANTED in part and DENIED in part. All property seized pursuant to the search warrant for Defendant's residence, other than the lap top computer and cell phone, shall be returned to Defendant by contacting his designated person, Pamela Fuller, utilizing the contact information

provided in his letter dated September 26, 2011 [Doc. No. 228], and releasing the property to Ms. Fuller.

IT IS SO ORDERED this 13th day of October, 2011.

_____
TIMOTHY D. DEGIUSTI
UNITED STATES DISTRICT JUDGE